# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**JEFFREY LYLE PEDERSEN and WENDY SUE PEDERSEN,**<br><br>    Debtors. | Case No. 13-40824-NGH |
| **KIMBERLY L. STEVENS,**<br><br>    Plaintiff,<br><br>v.<br><br>**WEITZ & LUXENBERG, PC, NIEMEYER GREBEL & KRUS, LLC, JOEL NASH, L.P.A., and ARCHER SYSTEMS, LLC,**<br><br>    Defendants. | Adv. No. 24-08011-NGH |

## MEMORANDUM OF DECISION

In this adversary proceeding, the chapter 7 trustee, Kimberly L. Stevens ("Trustee"), seeks to avoid a transfer of attorney fees resulting from a personal injury settlement as an unauthorized post-petition transfer. Doc. No. 31. Trustee also seeks to compel turnover of those attorney fees, which are held by Archer Systems, LLC ("Archer") on behalf of Weitz & Luxenberg, PC, Niemeyer Grebel & Krus, LLC, and Joel Nash LPA (the "Defendants"). Trustee filed a motion for summary judgment. Doc. No. 38. Defendants filed a response, opposing the motion, and Trustee filed a reply.

MEMORANDUM OF DECISION - 1

Doc. Nos. 46, 50.  The Court heard arguments on November 24, 2025, and took the matter under advisement.  The central issue before the Court is when a personal injury cause of action accrues under Idaho law.  Specifically, did Debtors' claim accrue prepetition when Mr. Pederson was diagnosed with cancer in 2001, making it property of the bankruptcy estate?  The Court concludes it did and will grant Trustee's motion for summary judgment.  After considering the record, arguments, and applicable law, the following constitutes the Court's findings, conclusions, and disposition of the issues.  Fed. R. Bankr. P. 7052.

**FACTS[1]**

In November 1996, debtor Jeffrey Pedersen was exposed to a toxic substance.  Mr. Pedersen was diagnosed with cancer in November 2001.  Wendy and Jeffrey Pedersen ("Debtors") filed a petition for relief under chapter 7 of the Code in June 2013.[2]  Debtors' petition did not disclose a personal injury claim.  The case was closed as a no-asset case six months later.  In 2019, approximately twenty-three years after the toxic exposure, eighteen years after Mr. Pedersen's cancer diagnosis, and six years after Debtors' bankruptcy case was opened, Debtors retained Defendants Weitz & Luxenberg to prosecute a personal injury claim arising out of Mr. Pedersen's exposure and resulting cancer diagnosis.  The claim settled for a gross amount of $160,498.80.  From the gross amount, $64,199.52 was earmarked for attorney fees (the "Attorney Fees").  Defendant

---

[1] These facts are taken from the statement of undisputed facts Trustee filed with the motion for summary judgment.  Doc. No. 40.  The parties do not dispute the pertinent underlying facts.

[2] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532.  Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 2

Weitz was to receive $40,659.70, Nash $18,189.86, and Niemeyer $5,349.96. Archer served as the qualified settlement fund administrator and currently holds the Attorney Fees. The case was reopened in October 2022, and Trustee was appointed. Defendants did not seek or obtain an order from the Court approving their employment. Trustee has not sought or obtained an order from the Court approving a compromise of the personal injury claim. Trustee, contending the personal injury claim is property of the estate, filed this adversary proceeding to avoid the transfer of the Attorney Fees and compel their turnover.

**ANALYSIS**

    A.    **Summary Judgment Standard**

Civil Rule 56(a), made applicable by Rule 7056, provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When deciding whether material factual issues exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). An issue of fact is "genuine" if there exists sufficient evidence for a reasonable finder of fact to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). If a moving party properly supports a motion for summary judgment and the nonmovant does not set forth specific facts showing a genuine issue for trial, summary judgment must be entered. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

MEMORANDUM OF DECISION - 3

### B. Avoidance and Turnover

Under § 549(a), a "trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case" and "that is not authorized under this title or by the court." Section 542 requires an entity in possession, custody, or control of property that the trustee may use, sell, or lease to deliver such property to the trustee. The crux of this dispute is whether the personal injury claim is property of the estate, because only if the claim is property of the estate are the Attorney Fees subject to avoidance under § 549 as an unauthorized post-petition transfer and subject to turnover under § 542.

#### 1. Property of the Estate

"Under the Bankruptcy Code, the filing of a bankruptcy petition creates a bankruptcy estate." *Gladstone v. U.S. Bancorp*, 811 F.3d 1133, 1139 (9th Cir. 2016). Section 541(a) sets forth seven categories of property that comprise the estate, including "all legal or equitable interests of the debtor in property as of the commencement of the case." The reference to "as of the commencement of the case" in § 541 "establishes the moment at which the parties' respective rights in property must be determined." *In re Bolton*, 584 B.R. 44, 49 (Bankr. D. Idaho 2018) (citation omitted). "As the Supreme Court has noted, 'Congress intended a broad range of property to be included in the estate.'" *Gladstone v. U.S. Bancorp*, 811 F.3d at 1139 (quoting *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983)). "Legal causes of action are included within the broad scope of § 541," including prepetition tort claims. *Goldstein v. Stahl (In re Goldstein)*, 526 B.R. 13, 21 (9th Cir. BAP 2015) (citations omitted).

MEMORANDUM OF DECISION - 4

"While § 541(a) defines the scope of the bankruptcy estate, a debtor's '[p]roperty interests are created and defined by state law.'" *In re Bolton*, 584 B.R. 44, 49 (Bankr. D. Idaho 2018) (alteration in original) (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)). "Bankruptcy and appellate courts in and out of the Ninth Circuit agree that property of the bankruptcy estate includes *accrued* causes of action, even if the debtors were unaware of the claims at the time they filed their bankruptcy petition." *Porrett v. Hillen (In re Porrett)*, 564 B.R. 57, 67 (D. Idaho 2016) (collecting cases). In broad terms, a claim accrues when it "could have been brought." *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001).[3] *See also Goldstein*, 526 B.R. at 21; *In re Bolton*, 584 B.R. 44, 50 (Bankr. D. Idaho 2018). As such, "[t]o determine when a cause of action accrues, and therefore whether it accrued pre-bankruptcy and is an estate asset, the Court looks to state law." *Goldstein*, 526 B.R. at 21 (quoting *Boland v. Crum (In re Brown)*, 363 B.R. 591, 605 (Bankr. D. Mont. 2007)).

Therefore, the Court looks to Idaho law to determine if Debtors' cause of action accrued prepetition, i.e., before June 2013, thereby making it property of the estate. Trustee, as the party asserting the cause of action is property of the estate, bears the burden of showing that it is property of the estate. *See Bolton*, 584 B.R. at 51.

### 2. Accrual under Idaho Law

Idaho Code section 5-219(4) provides, with limited exception, a cause of action for personal injury "shall be deemed to have accrued as of the time of the occurrence, act

---

[3] "It is important, however, to distinguish principles of accrual from principles of discovery and tolling, which may cause the statute of limitations to begin to run after the accrual has occurred for purposes of ownership in a bankruptcy proceeding." *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001).

MEMORANDUM OF DECISION - 5

or omission complained of." In most cases, "the act or omission complained of and the injury to the plaintiff occur at the same time." *Stuard v. Jorgenson*, 249 P.3d 1156, 1159 (Idaho 2011). However, the Idaho Supreme Court has clarified that section 5-219(4) requires "some damage" before a cause of action accrues. *See Lapham v. Stewart*, 51 P.3d 396, 400 (Idaho 2002). "The basis of the 'some damage' requirement is that in order to have a cause of action to recover damages, the plaintiff must prove that he or she suffered some damage." *Id.* In *Davis v. Moran*, the Idaho Supreme Court stated that damages must be "objectively ascertainable," meaning "that objective medical proof would support the existence of an actual injury." 735 P.2d 1014, 1020 n.4 (Idaho 1987). Subsequent decisions have recognized the "existence of 'objectively ascertainable injury' is simply an analytical tool to be used in determining when 'some damage' has occurred." *Stuard*, 249 P.3d at 1160.

For example, in *Lapham v. Stewart*, the plaintiff brought an action for professional malpractice after an attorney disbursed loan proceeds without authorization. 51 P.3d 396 (Idaho 2002). The court found the plaintiff's cause of action accrued when the funds were disbursed from the "trust account without Lapham's consent and contrary to his express instructions." *Id.* at 400. At that point, the plaintiff was damaged and could have sued the attorney to recover the funds. The plaintiff argued the cause of action did not accrue until he had "objectively verifiable proof that he had been damaged." *Id.* The court disagreed, noting such an interpretation would reinstate a discovery rule, which the Idaho legislature had rejected. *Id.* at 401. Rather, the court considered the damage was "objectively ascertainable" at the time it occurred as "[t]here would have been bank

MEMORANDUM OF DECISION - 6

records or records maintained by [defendant] that would have shown" the wrongful disbursement. *Id.* Additionally, in *In re Bolton*, a trustee contended that a debtor's products liability claim was property of the estate because the injury was objectively ascertainable prepetition. 584 B.R. 44, 51 (Bankr. D. Idaho 2018). This Court considered the necessary elements of a products liability claim under Idaho law and that the debtor "could not have pursued a products liability claim against the manufacturer (and it would not have accrued for property of the estate purposes) until [the debtor] was 'injured' by the defective hip device." *Id.* at 50. The doctor's notes prepetition indicated the post-surgery scans were normal and the debtor was progressing well. *Id.* at 51. At a follow up appointment post-petition, the debtor reported hip pain that had gotten progressively worse in the prior six months meaning the pain began prepetition. The Court held that the debtor experiencing pain prior to the bankruptcy filing was insufficient to show his injury from the defective device was "objectively ascertainable" on the petition date. *Id.* at 52.

Applying these principles to the facts here, Mr. Pedersen was exposed to the toxic substance in 1996 and diagnosed with cancer in 2001. Trustee contends that, regardless of when Mr. Pedersen became aware of the relationship between the toxic substance and his cancer, there was "some damage" in 2001, prior to the petition date. Put another way, had Mr. Pedersen known of the link between the substance and his cancer, he could have brought his claim prepetition because he had suffered "some damage."

Defendants aver Mr. Pedersen's cause of action did not accrue until 2015 at the earliest because 2015 was the first time a causal link between the toxic substance and

MEMORANDUM OF DECISION - 7

cancer became public knowledge. According to Defendants, Mr. Pedersen's claim could not have been brought prepetition because he and "the rest of the world" were unaware at the time that his cancer may have been caused by the toxic substance. Defendants cite several out-of-state cases in which courts faced with similar facts have held the cause of action did not accrue until causation was established. *See In re Burris*, 2022 WL 1131950, at *3 (Bankr. N.D. Ga. Apr. 15, 2022) (noting true test of accrual under Georgia law is when party could first have maintained successful suit and finding claim did not accrue because no causal link prior to 2015 report); *In re Tarrant*, 2023 WL 2616969, at *6 (Bankr. C.D. Ill. Mar. 23, 2023) (finding claim did not accrue prepetition and was not property of the estate because under Illinois law, a cause of action accrues "when a person knows or reasonably should know of his injury *and* also knows or reasonably should know that it was wrongfully caused"); *Medley v. Scharrer (In re Medley)*, 2024 WL 5147669, at *3 (M.D. Fla. Dec. 18, 2024) (applying Florida law and finding claim did not accrue prepetition because accrual begins from "the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence" and accrual for products liability is "delayed until the plaintiff either knows or should know that the last element of the cause of action occurred"); *Sheppard v. Monsanto Co.*, 2016 WL 3629074, at *4 (D. Haw. June 29, 2016) (analyzing statute of limitations defense under Hawaii law where a cause of action for personal injury does not accrue until plaintiff "discovers or should have discovered the negligent act, the damages, and the causal connection between the former and the latter"). *See also Mendelsohn v. Ross*, 251 F. Supp. 3d 518, 525 (E.D.N.Y. 2017)

MEMORANDUM OF DECISION - 8

(affirming finding that settlement proceeds were not "sufficiently rooted" in prebankruptcy past when, despite potentially defective device being implanted prepetition, there was no injury prepetition and post-bankruptcy events "created the interest that resulted in the settlement proceeds"). Defendants assert "these authorities confirm that discovery of causation, rather than diagnosis alone, governs accrual."

However, the cases cited by Defendants are inapposite because Idaho law determines when Mr. Pedersen's cause of action accrued. And, unlike the state law applied in those cases, Idaho Code section 5-219(4) applies the discovery rule only to an action resulting from a foreign object unintentionally left in the body or when the fact of damage has been fraudulently concealed. Under these narrow circumstances, the cause of action "shall be deemed to accrue when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of." Idaho Code § 5-219(4). In all other cases, the discovery rule does not apply.[4] *See Theriault v. A.H. Robins Co., Inc.*, 698 P.2d 365, 370 (Idaho 1985) (holding that a cause of action accrues under section 5-219(4) without regard to whether an "injured party discovers or should have discovered the facts giving rise to the cause of action"); *Lapham v. Stewart*, 51 P.3d 396, 401 (Idaho 2002) ("The standard that damages be 'objectively ascertainable' does not mean that the fact of damage must have been

---

[4] The Idaho legislature enacted §§ 5-242, 5-243, and 5-244 in recognition of the unique problem posed by applying the usual statute of limitations reasoning processes to ionizing radiation injuries, wherein the fact of damage from negligent treatment is potentially incapable of being detected for many years. In that situation, Idaho Code § 5-243 provides that an action must be brought within three years "after the person suffering such injury had knowledge or ought reasonably to have had knowledge of having suffered the injury and of the cause thereof . . . ." *See Davis v. Moran*, 735 P.2d 1014, 1020 (Idaho 1987).

MEMORANDUM OF DECISION - 9

known to the injured party, or that it must have been ascertainable from facts known by the injured party."); *Cosgrove By and Through Winfree v. Merrell Dow Pharms., Inc.*, 788 P.2d 1293, 1298 (Idaho 1989) (relying on the lack of a general discovery exception in Idaho to reject an argument that an action was timely based on the assertion that the plaintiff "did not 'discover' the cause" of damage until almost seven years after damage occurred).

Viewing the record in a light most favorable to Defendants, the Court does not find a material factual issue exists as to when Mr. Pedersen suffered damage as a result of exposure to the substance. The record does not contain any assertion of fact that would bring Mr. Pedersen's claim within an exception to the general accrual standard under Idaho law, and when Mr. Pedersen discovered or could have discovered the cause of his cancer is not a material fact. The cause of action, having accrued prepetition, is property of the estate and the transfer of Attorney Fees are subject to avoidance under § 549. Additionally, the Attorney Fees in possession of Archer are subject to turnover under § 542.

**CONCLUSION**

For the reasons set forth above, the Court will grant Trustee's motion for summary judgment. Trustee shall submit an order consistent with this Decision. Given how the parties presented the property of the estate issue and its resolution herein, it appears there may not be a need for a trial on Trustee's amended complaint. However, if matters remain that require trial, the parties must file a statement identifying those issues on or before December 31, 2025. If no such statement is filed, the Court will vacate the

MEMORANDUM OF DECISION - 10

scheduled trial and associated deadlines, and Trustee shall submit a proposed form of judgment.

DATED: December 22, 2025



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 11